IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Lee Jones, #207034, ) | C/A No.: 1:14-2692-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| South Carolina, Masonic and Easternstar ) | |
| Order, and Nikki Haley, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff William Lee Jones, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff's complaint contains allegations of conspiracy, organized crime, murder, inhuman experimentation, and identity theft. [Entry #1 at 2]. Specifically, Plaintiff argues that the easternstars are conducting research on him and other chosen inmates. *Id.* at 3. He claims that the easternstars placed microchips in prisoners so they can read their thoughts, give them a mental illness, and torture them to death. *Id.* Plaintiff alleges that the easternstars are covering up murders of inmates at South Carolina Department of

Corrections ("SCDC") institutions.[1] *Id.* at 3–4. Plaintiff further alleges that the black masons tried to kill him. *Id*. Plaintiff states that he would like Nikki Haley "out of the chair for allowing corruption as this to happen." *Id.* at 4. Plaintiff claims that he has a dozen identities and birthdates and the South Carolina government is "leaving them like this." [Entry #1-2]. Plaintiff argues that he is being moved around, poisoned, slandered, and stalked by "high technology." *Id.* Plaintiff states he is pursuing this lawsuit on the behalf of others who are not mentally capable of comprehending "what's going on" and "to expose all those corrupt actions that [are] destroying innocent beings for the benefit of others wealth." *Id.* Plaintiff requests that he be placed under federal protective custody, that his identify changes be fixed, that his microchip be deactivated, and that he receive his "5.K1" time. [Entry #1 at 5]. Plaintiff also seeks monetary damages. *Id.*[2]

II.     Discussion

   A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of

---

[1] Plaintiff is currently in incarcerated in California in the custody of the Federal Bureau of Prisons. Prior to his federal incarceration, he was incarcerated in SCDC custody. *See Jones v. Warden*, C/A No.: 1:14-3018-JFA-SVH.

[2] Plaintiff attaches a habeas petition in which he seeks relief from his "armed career criminal and all enhancements." [Entry #1-1 at 6]. Plaintiff also alleges that he has been notified that he has been falsely sentenced and argues that the solicitor and federal judge knew that his sentence was false. *Id.* These allegations have been separately addressed in another action pending in this court. *See Jones v. James*, C/A No.: 3:14-3017-JFA and *Jones v. Warden*, C/A No.: 1:14-3018-JFA-SVH.

this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  No state action under § 1983 (masonic and easternstar order)

Plaintiff alleges he is suing the masonic and easternstar order for illegally conducting research on inmates, for trying to kill Plaintiff, and for covering up murders

3

of SCDC inmates. These allegations in Plaintiff's complaint fail to demonstrate any state action by these defendants. Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *see also Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Accordingly, the masonic and easternstar order should be summarily dismissed from this case.

      C.      Eleventh Amendment Immunity (State of South Carolina)

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to arms of the state, including a state's agencies and instrumentalities. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[3] The State of South Carolina should be summary dismissed from this action.

      D.      Supervisory Liability (Haley)

A claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978). Moreover,

---

[3] Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

"[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff's complaint provides no allegations to demonstrate that Haley was aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Thus, Haley is entitled to summary dismissal from this action.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

August 21, 2014                                         Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).