IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Lee Jones, | ) | C/A No.: 1:14-2692-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| South Carolina; Masonic and Easternstar Order; and Nikki Haley, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, William Lee Jones, is an inmate with the Federal Penitentiary in Atwater, California. He brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendant Masons have placed microchips in him to read his thoughts, give him a mental illness and torture him to death. He also alleges that the State of South Carolina and Governor Nikki Haley allowed this to happen. He seeks, among other things, placement in protective custody and that his microchip be deactivated.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the court should summarily dismiss this action without prejudice. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on August 21, 2014. The plaintiff has not filed objections and the time within which to do so has expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge correctly notes that because purely private conduct is not actionable under § 1983, that defendant Masonic and Easternstar Order should be summarily dismissed from this case. Further, the Magistrate Judge opines that any action against the State of South Carolina, who has not consented to this action, is barred under Eleventh Amendment immunity. Finally, the Magistrate Judge suggests that defendant Nikki Haley should be summarily dismissed as a claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds that the Magistrate Judge's recommendation is proper and incorporates it herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

The plaintiff's motion for an extension of time to file objections to the Report (ECF No. 12) is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

September 18, 2014
Columbia, South Carolina